Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        )
IN RE:                                  )    CASE NO.        10-32153 (LMW)
                                        )
   MICHAEL HEALEY,                      )    CHAPTER         7
                                        )
          DEBTOR.                       )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   SUSAN ANDERSON,                      )    ADV. PRO. NO.   10-3110
                                        )
          SUBSTITUTED PLAINTIFF)             ECF NOS.        157, 162
                                        )
      vs.                               )
                                        )
   MICHAEL HEALEY,                      )
                                        )
          DEFENDANT.                    )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

## APPEARANCES

Susan Anderson                          Plaintiff *Pro Se*
18 Concord Street
Hamden, CT 06514


Stephen P. Wright, Esq.                 Attorney for Defendant/Debtor
Goldman, Gruder & Woods, LLC
200 Connecticut Avenue
Norwalk, CT 06854


**BRIEF MEMORANDUM AND ORDER DENYING MOTION TO COMPEL,
SUSTAINING THE OBJECTION AND SCHEDULING STATUS CONFERENCE**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** before the court are (a) a motion to compel (ECF No. 157, the "Motion To Compel") Stevens Ford to appear at trial of this matter and to produce certain documents pursuant to a certain subpoena filed by the above-captioned plaintiff (the "Plaintiff") and (b) an objection (ECF No. 162, the "Objection") to the Motion To Compel filed by the above-captioned debtor (the "Defendant").[1]  A hearing on the Motion To Compel and the Objection has been held and the disposition below follows;

**WHEREAS,** this court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of this District (Daly, C.J.);[2]

**WHEREAS,** the instant adversary proceeding seeks a judgment denying the Defendant his chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(4)(A).  By order dated July 6, 2012 (*see* ECF No. 126), Susan Anderson (the Plaintiff) was substituted as plaintiff herein;

**WHEREAS,** on or about August 13, 2012, the Plaintiff caused that certain Subpoena in a Case Under the Bankruptcy Code (the "Subpoena") to be served on Stevens Ford, Custodian of Records commanding Stevens Ford to produce certain records and to appear and testify at the trial of this adversary proceeding scheduled for August 23, 2012 (the "Trial Date").  The document production request was annexed to the Subpoena as Schedule A and requested:

> Copies of any and all *Contracts* and *checks* related to disbursement of funds between Stevens Ford of Milford, Ct., and Healey Ford or a Corporation owned by Michael Healey, Michael P. Healey and or Maureen Healey for services rendered pertaining to but not limited to customer care for previous Healey Ford customers and or any

---

[1]    Stevens Ford filed no response to the Motion To Compel.

[2]    That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C. , or arising in . . . a case under Title 11, U.S.C. . . . ."

customer sales, service and or any Michael Healey [sic] during the period of 2010 to 2012.

(Subpoena (Schedule A) (emphasis added).);

**WHEREAS,** on or about August 21, 2012, Annette G. Lerman, Controller of Stevens Ford, by or through an individual, delivered a package to the Clerk's Office. That packet contained (among other things) (1) a letter from Ms. Lerman advising the court that she was "out of state for a family emergency" and presumably would not appear on the Trial Date and, purportedly, (2) the documents sought by the Subpoena (*see* Plaintiff's Exh. FF);

**WHEREAS,** Ms. Lerman did not appear and no one else from Stevens Ford appeared on the Trial Date. Further, Stevens Ford did not file any motion in respect of the Subpoena including, but not limited to, a motion to quash. The Trial Date was then continued to October 9, 2012;

**WHEREAS,** on August 24, 2012, the court issued that certain Order To Show Cause why Stevens Ford Should Not be Held in Contempt (ECF No. 141, the "Show Cause Order") for its failure to appear on the Trial Date as commanded by the Subpoena. The Show Cause Order required that a representative from Stevens Ford appear at a hearing scheduled for September 5, 2012 and provided that a writ of capias would issue if Stevens Ford did not attend that hearing;

**WHEREAS,** Ms. Lerman appeared at the September 5 hearing and explained that due to health issues and impending surgery, she would not be able to appear at the October 9 continued trial date. Subsequently, the Show Cause Order was marked off "on the basis that . . . [the court was] assured that someone from Stevens Ford will be here the [October 9] date of trial." (9/5/12 Oral Record at 10:16:34 *et seq.*);

- 3 -

**WHEREAS,** on October 9, 2012, David Stevens, the president of Stevens Ford, appeared and testified on behalf of Stevens Ford.[3] Apart from the documents annexed to Ms. Lerman's letter, Mr. Stevens did not produce any further documents pursuant to the Subpoena;

**WHEREAS,** there was a discussion on the record of the Plaintiff's attempts to serve Mr. Stevens personally with a subpoena. Mr. Stevens stated that he had not received a subpoena. The court then gave the Plaintiff an opportunity to establish a *prima facie* case that a subpoena was served on Mr. Stevens personally. (*See* ECF No. 159 at 97-109.) Subsequently, the court determined that "I cannot find, based on this record, that Mr. Stevens [personally] was served." (ECF No. 159 at 109:18-19.) Accordingly, the court does not have personal jurisdiction over Mr. Stevens. Further, the court has personal jurisdiction over Stevens Ford only to the extent that it has failed to respond to the Subpoena;

**WHEREAS,** Mr. Stevens testified that (among other things) he and the Debtor entered into an agreement (the "Agreement") wherein the Debtor would reimburse Mr. Stevens the "carrying cost" of taking the Debtor out of business by Mr. Stevens' purchasing excess inventory that the Debtor's prior dealership had that could not be sold or that no one would take back. (*See* ECF No. 159 at 94-95, 111.) He testified further that the cost of taking the Debtor and his dealership out of business was $22,000 (the "Debt") which Mr. Stevens insisted be paid down by the Debtor through his employment with Stevens Ford. (*See id.* at 96.) Mr. Stevens stated that the Agreement was not in writing (*see id.* at 97-98, 144-145) and that he kept track of the pay down of the Debt (*see id.* at

---

[3]      A transcript of the October 9, 2012 portion of the trial appears in the record as ECF No. 159.

145).  He stated further that the Debt was paid down between July, 2010 and March, 2011 and was now paid off.  (*See id.* at 96, 136.);

WHEREAS, the Motion To Compel seeks an order to compel Stevens Ford to produce (among other things) a ledger (if any) or any records with respect to the pay down of the Debt;

WHEREAS, a subpoena may command a nonparty witness to produce documents under his control, custody or possession.  *See* C.A. Wright & A.R. Miller, *Federal Practice and Procedure* § 2456 (3d ed. 2008).  Further, a subpoena "should designate with reasonable particularity the documents . . . that are to be produced by the party upon whom it is served."  *Id.* § 2457, at 422;

WHEREAS, the Subpoena seeks the production of "[c]ontracts" and "checks" with respect to any disbursements of funds from (among others) Stevens Ford to the Debtor (among others).  A ledger that reflects the pay down of the Debt cannot be deemed to be either a "contract" or a "check."  Consequently, it is outside the scope of the document request made in the Subpoena;

WHEREAS, therefore, the Motion To Compel must be denied;

NOW, THEREFORE, it is hereby ORDERED that, for the reasons stated above, the Motion To Compel is denied; and it is further

ORDERED that the Objection is sustained; and it is further

ORDERED that a status conference is scheduled on April 17, 2013 at 11:30 a.m. at the United States Bankruptcy Court, Connecticut Financial Center, 157 Church Street, 18th Floor, New

- 5 -

Haven, Connecticut to discuss "next steps" with respect to this adversary proceeding.

Dated: March 27, 2013

BY THE COURT

Lorraine Murphy Weil
Chief United States Bankruptcy Judge